FW 4-5975

**United States District Court**
**Northern District of Texas**
**Fort Worth Division**

mw

JOSEPH ANDREW DIRUZZO §
AND RANDALL KELTON, §
INDIVIDUALLY AND ON §
BEHALF OF ALL OTHERS §
SIMILARLY SITUATED, §
PLAINTIFFS §
V. §
ROBERTO ARREDONDO, §
ROBERT WHITAKER, JAMES §
POE; JUDGE BOBBY BELL, §
JUDGE JACK MARR, JUDGE §
[FIRST NAME UNKNOWN] §
JOHNSON, JUDGE ELI GARCIA, §
BAILIFF [FIRST NAME §
UNOWK] GREEN, COUNTY §
JUDGE TRAVIS H. ERNST, §
COUNTY JUDGE DANIEL §
GILLIAM, JUDGE TRAVIS §
ERNST, JUDGE STEVEN §
WILLIAMS, JUDGE LISA §
MOORE, JUDGE JULIE §
BAUKNIGHT, JUDGE ELI §
GARCIA, JUST MARY ANN §
RIVERA, JUSTICE RODNEY §
§

**4-26CV-489-Y**

CIVIL ACTION: _____

DURHAM, JUSTICE JOHN G,    §
MILLER, SHERIFF JUSTIN    §
MARR, JUDGE SHERRY    §
    §
WILLIAMS, JUDGE LISA    §
MOORE, JUDGE JULIE    §
BAUKNIGHT, JOHN AND JANE    §
DOES 1–10; AND JOHN DOE 11,    §
    §
    §
**Defindants**    §

**Date: _____**

## ACTION COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS (42 U.S.C. § 1983 – FOURTH AND FOURTEENTH AMENDMENTS) INJUNCTIVE RELIEF, DECLARATORY JUDGMENT, COMPENSATORY AND PUNITIVE DAMAGES

Now comes Plaintiffs, Joseph Andrew DiRuzzo and Randall Kelton, individually and on behalf of all others similarly situated, file this Class Action Complaint against the above-named Defendants and allege as follows:

## I. INTRODUCTION

This is a civil rights class action under 42 U.S.C. § 1983 alleging that Victoria County officials have adopted and maintained, as a matter of well-established official policy, custom, and practice, an unconstitutional asset-forfeiture scheme. This action is brought against the individual Defendants in their individual capacities only, seeking to impose personal liability for actions taken outside the scope of their employment. A separate claim for municipal liability is brought against Victoria County under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978).

Opposition to Hetch Motion to Dismiss                                      2 of 24

Under Texas law, a police officer may arrest a citizen for one reason and one reason only. Texas Code of Criminal Procedure 14.06, 15.16, and Texas Transportation Code 543.002, are the statutes which authorize the arrest of a citizen for an on-sight offense or on an existing warrant. In both cases, the arresting officer is specifically directed to take the accused directly to the nearest magistrate. In Victoria County, an arrested person, based on an on-sight offense or existing warrant, instead of being taken directly to the nearest magistrate as commanded by both the above codes, are routinely taken directly to jail and held, at least overnight, often longer before being brought before a magistrate.

The magistrate, instead of holding an examining trial in accordance with Chapter 16 Texas Code of Criminal Procedure, will simulate a legal process by initiating what is commonly called a "Magistration." In the magistration the proscriptions of Texas Code of Criminal Procedure Chapter 16 are ignored. The person is required to enter a plea and bail is set.

This prevents the accused from promptly presenting exculpatory evidence and bypasses the procedural safeguards of Chapters 16 and 17 of the Texas Code of Criminal Procedure. Cases are never properly filed as the necessary documents, stipulated by statutes, are not created or filed with the court leaving initiated by the filing of an order under Texas Code of Criminal Procedure 16.17and a commitment order under 16.20, and the forwarding of all documents to the clerk of the court in accordance with the command contained in Texas Code of Criminal Procedure 17.30. Instead, the records, such as they are, will be left with the Sheriff and never reach the clerk of the court. By failing to properly file a case, the prosecuting attorney has wide latitude to manipulate the prosecutorial process in order to coerce those accused of crime, whose property has been seized, into forfeiting the seized property by entering into a plea deal where they admit guilt and, therefore, forfeit their property.

Opposition to Hetch Motion to Dismiss                                    3 of 24

Only after forfeiture does the county release the individual, often without charges or the charges will dismissed. The policy is designed and intended to coerce forfeiture of private property in exchange for freedom from prosecution.

The facts concerning Plaintiffs DiRuzzo and Kelton are presented as concrete cases in point illustrating this long-running county-wide policy. Victoria County Clerk records will demonstrate that every person who forfeits seized property is either never charged or has all charges dropped near 100% of the time.

Plaintiffs bring this action individually and as representatives of a proposed class of similarly situated persons subjected to the same unconstitutional policy. Plaintiffs seek certification of a class under Federal Rule of Civil Procedure 23(b)(2) for injunctive and declaratory relief, and under Rule 23(b)(3) for damages where applicable. Plaintiffs also seek compensatory damages for their own injuries, punitive damages against the individual defendants in their personal capacities, attorney's fees under 42 U.S.C. § 1988, and other relief.

## II. JURISDICTION AND VENUE

This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3)–(4). Plaintiffs' claims arise under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments.

The Court has supplemental jurisdiction over any related state-law claims under 28 U.S.C. § 1367.

Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in Victoria County, Texas, within this District and Division.

## III. PARTIES

**PLAINTIFFS:**

*Randall Kelton*
*Po Box 1*
*Boyd, TX 76023*
*Joseph DiRuzzo*
*3805*
*Bedford, TX 76*

## DEFENDANTS

Each individual Defendant is sued in their individual capacity only. An official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. Kentucky v. Graham, JP1-C-245818 Subject Matter Jurisdiction

473 U.S. 159, 166 (1985). Because Victoria County is named as a Defendant, any official-capacity claims against the individual Defendants would be redundant.

*James Poe*
*105 W. Jaun Linn Street*
*Victoria, TX 77902*


*Roberto Arrendondo*
*1945 E. Jackson Rd, Carrollton,*
*Colleyville, TX 75006*
*817 503 1200*
*Jack W. Marr*
*1602 Plantation Rd*
*Victoria, TX 77904*

*Robert E. Bell*

*115 N. Bridge*
*Victoria, TX 77904*

*Robert B. Whitaker*
*111-A North Glass St.*
*Victoria, TX 77904*

*Jeff Johnson*
*205 N. Bridge St. Suite 301*
*Victoria, TX 77904Steve Tyler*

Opposition to Hetch Motion to Dismiss                                                5 of 24

*Beatrice Gonzales*
*205 N. Bridge St. Suite 301*
*Victoria, TX 77904*

*Brandon Guy*
*205 N. Bridge St. Suite 301*
*Victoria, TX 77904*

*Constance Filley Johnson*
*205 N. Bridge St. Suite 301*
*Victoria, TX 77904*

*Jacquelyn Johnson*
*205 N. Bridge St. Suite 301*
*Victoria, TX 77904*

*James Pink Dickens*
*205 N. Bridge St. Suite 301*
*Victoria, TX 77904*

*Jessica Ann Shawver-Savino*
*205 N. Bridge St. Suite 301*
*Victoria, TX 77904*

*Steve Williams*
*101 N Bridge St.*
*Victoria, TX 77901*

*Lisa Moore*
*101 N Bridge St. Victoria,*
*TX 77901*
*Julie Bauknight*
*101 N Bridge St. Victoria,*
*TX 77901*

*Eli Garza*
*101 N Bridge St. Victoria,*
*TX 77901*

*Mary Ann Rivers*
*704 Goldman*

Opposition to Hetch Motion to Dismiss                                    6 of 24

*Victoria, Texas 77901*

*Rodney Durham*
*4407 Lilac Lane*
*Victoria, Texas 77901*

*John G. Miller2604 Mockingbird*
*Victoria, TX 77904*

*Justin Marr*
*101 N. Glass St*
*Victoria, TX 77901*

## IV. CLASS ALLEGATIONS

**PLAINTIFFS BRING THIS ACTION ON BEHALF OF THEMSELVES AND A PROPOSED CLASS (THE "CLASS") DEFINED AS FOLLOWS:**

Proposed Class: All individuals who have been arrested and taken directly to jail instead of being taken directly to the nearest magistrate, who were subjected to the jail-first policy facilitating the breach of the statutory due course of Chapters 14, 15, 16 and 17 of the Texas Code of Criminal Procedure, and coercive plea deal demands as described herein, within the applicable statute of limitations period (including any tolling).

**NUMEROSITY (FED. R. CIV. P. 23(A)(1)):**

The Class is so numerous that joinder of all members is impracticable. Victoria County and District Clerk records show a near 100% correlation between persons arrested and secreted from the nearest magistrate, a complete lack of necessary documentation in the court record to support jurisdiction for the court. This pattern has been applied uniformly to hundreds (if not thousands) of citizens over the years that the policy has been in effect.

**COMMONALITY (FED. R. CIV. P. 23(A)(2)):**

There are questions of law and fact common to the Class, including:

    a)   whether the County's jail-first / bypass-Chapters 14, 15, 16 and 17/ forfeit-

         or-be-charged policy exists as an official custom or practice;

Opposition to Hetch Motion to Dismiss                 7 of 24

b)   whether that policy violates the Fourth Amendment's prohibition on unreasonable seizures;

c)   whether the policy deprives class members of procedural due process under the Fourteenth Amendment; and

d)   whether the policy is the moving force behind the constitutional violations.

# TYPICALITY (FED. R. CIV. P. 23(A)(3)):

Plaintiffs DiRuzzo's and Kelton's claims are typical of the Class. Each was subjected to the exact same policy-driven practices that define the Class claims.

# D. ADEQUACY (FED. R. CIV. P. 23(A)(4)):

Plaintiffs will fairly and adequately protect the interests of the Class. Their interests align with the Class, and they have no conflicts with other members. Plaintiffs intend to retain competent class counsel experienced in § 1983 and civil-rights class actions.

### D. RULE 23(B)(2) – INJUNCTIVE AND DECLARATORY RELIEF:

The County has acted or refused to act on grounds that apply generally to the Class, making final injunctive and declaratory relief appropriate for the Class as a whole. The primary relief sought is an order ending the unconstitutional asset-forfeiture scheme county-wide.

### E. RULE 23(B)(3) – DAMAGES (IN THE ALTERNATIVE OR FOR A DAMAGES SUBCLASS):

To the extent damages predominate for any subclass (e.g., those who forfeited specific property), common questions of law and fact predominate over any individual issues, and a class action is superior to other methods of adjudication. Individualized damages issues can be managed through notice and claims procedures after liability is established on the common policy.

Opposition to Hetch Motion to Dismiss                                    8 of 24

## FACTUAL ALLEGATIONS

Persons arrested in Victoria County are, as a matter of policy, subjected to a set of practices and procedures established by the County, which are designed and intended to force them to take a deal as follows:

### 1.1.1    Imprison First

Persons arrested in Victoria County are, as a matter of policy, secreted from the nearest magistrate, taken directly to jail, and incarcerated in violation of Texas Code of Criminal Procedure 14.06, which reads in pertinent part as follows:

> *Art. 14.06. MUST TAKE OFFENDER BEFORE MAGISTRATE. (a) Except as otherwise provided by this article, in each case enumerated in this Code, the person making the arrest or the person having custody of the person arrested shall take the person arrested or have him taken without unnecessary delay, but not later than 48 hours after the person is arrested, before the magistrate who may have ordered the arrest, before some magistrate of the county where the arrest was made without an order, or, to provide more expeditiously to the person arrested the warnings described by Article 15.17, before a magistrate in any other county of this state. The magistrate shall immediately perform the duties described in Article 15.17 in any manner permitted by that article.*

if arrested for an on-sight offense, or in violation of Article 15.16

> *Art. 15.16. HOW WARRANT IS EXECUTED. (a) The officer or person executing a warrant of arrest shall without unnecessary delay take the person or have him taken before the magistrate who issued the warrant or before the magistrate named in the warrant, if the magistrate is in the same county where the person is arrested. If the issuing or named magistrate is in another county, the person arrested shall without unnecessary delay be taken before some magistrate in the county in which he was arrested.*

In the instant case of Plaintiff Diruzzo, he was arrested on 16 counts of 3rd degree felony, Practicing Medicine Without a License and transported directly to jail, where he was held for three days before being brought before a magistrate on a television monitor.

### 1.1.2    Magistration Abomination

The magistrate, as in the case of Plaintiff Diruzzo, will simulate a legal process in violation of Texas Penal Code 32.48 which reads in pertinent part as follows:

*Texas Penal Code 32.48* (a) *A person commits an offense if the person recklessly causes to be delivered to another any document that simulates a summons, complaint, judgment, or other court process with the intent to:*

> *(1) induce payment of a claim from another person; or*

> *(2) cause another to:*

>> *(A) submit to the putative authority of the document; or*

>> *(B) take any action or refrain from taking any action in response to the document, in compliance with the document, or on the basis of the document.*

In the case of Mr. Diruzzo, Magistrate Robert Whitaker, convened a hearing that is commonly called a "Magistration." This magistration hearing is not defined in Texas law but has been adopted in place of a statutorily stipulated examining trial under Texas Code of Criminal Procedure Chapter 16. The County of Victoria criminal justice personnel made up this set of practices and procedures to serve the purpose of the herein alleged criminal conspiracy as follows:

### 1.1.2.1    Advised of Rights

The accused will eventually be brought before a magistrate deep in the jail and will be advised of his/her rights, including a right to have counsel present at all adversarial hearings and the right to an examining trial, which the accused is in the process of being denied.

### 1.1.2.2    Denied Statement

The magistrate, as is established practice, will receive and examine information presented to the magistrate by the jailers prior to the hearing in violation of Texas Code of Criminal Procedure 16.03 which reads as follows:

> *Art. 16.03. WARNING TO ACCUSED. Before the examination of the witnesses, the magistrate shall inform the accused that it is his right to make a statement relative to the accusation brought against him, but at the same time shall also inform him that he cannot be compelled to make any statement whatever, and that if he does make such statement, it may be used in evidence against him.*

The accused will never be accorded an opportunity to be heard, thereby denying the accused the right to have counsel present in violation of the United States and Texas

Opposition to Hetch Motion to Dismiss                                                  10 of 24

Constitutions, and the opportunity to enter exculpatory evidence, which, in the instant case, would have stopped all proceedings immediately and Plaintiff would have been immediately discharged.

### 1.1.2.3    Set Bail

The magistrate will advise the accused of the charges, request a plea, then set a bail amount. In the instant case, even though in over 60 years, Plaintiff Diruzzo had never so much as had a parking ticket, bail was set at $1,000,000. It will be shown at trial that the high bail was a deliberate ploy to intimidate Plaintiff Diruzzo as the City of Victoria had seized in excess of $100,000 of property from Plaintiff Diruzzo and they wanted the funds from the anticipated forfeiture.

### 1.1.2.4    Advised of Rights

The accused will be advised of his/her right to have counsel present, which the accused is currently being denied. The accused will be advised of his/her right to an examining trial, which is also currently being denied. In fact, it will be shown at trial that examining trials are never held in Victoria County even when repeatedly demanded as in Plaintiff Diruzzo's case.

### 1.1.2.5    No Statutory Order

The magistrate will then ask the accused to enter a plea. The magistrate will then find probable cause as a matter of practice and set bail. What the magistrate will not do is enter an order as required by Texas Code of Criminal Procedure 16.17 which reads as follows:

> *Art. 16.17. DECISION OF JUDGE. After the examining trial has been had, the judge shall make an order committing the defendant to the jail of the proper county, discharging him or admitting him to bail, as the law and facts of the case may require. Failure of the judge to make or enter an order within 48 hours after the examining trial has been completed operates as a finding of no probable cause and the accused shall be discharged.*

Opposition to Hetch Motion to Dismiss                                    11 of 24

Neither will the magistrate issue a confinement order as required by Texas Code of Criminal Procedure 16.20, which reads as follows:

*Art. 16.20. "COMMITMENT". A "commitment" is an order signed by the proper magistrate directing a sheriff to receive and place in jail the person so committed. It will be sufficient if it have the following requisites:*

*1. That it run in the name of "The State of Texas";*

*2. That it be addressed to the sheriff of the county to the jail of which the defendant is committed;*

*3. That it state in plain language the offense for which the defendant is committed, and give his name, if it be known, or if unknown, contain an accurate description of the defendant;*

*4. That it state to what court and at what time the defendant is to be held to answer;*

*5. When the prisoner is sent out of the county where the prosecution arose, the warrant of commitment shall state that there is no safe jail in the proper county; and*

*6. If bail has been granted, the amount of bail shall be stated in the warrant of commitment.*

### 1.1.2.6    *Disappearing Documents*

It is not clear what is given to the magistrate by the jailers before the Magistration hearing, as the records are not sealed in an envelope and forwarded to the clerk as commanded by Texas Code of Criminal Procedure 17.30 which reads as follows:

*Art. 17.30. SHALL CERTIFY PROCEEDINGS. The magistrate, before whom an examination has taken place upon a criminal accusation, shall certify to all the proceedings had before him, as well as where he discharges, holds to bail or commits, and transmit them, sealed up, to the court before which the defendant may be tried, writing his name across the seals of the envelope. The voluntary statement of the defendant, the testimony, bail bonds, and every other proceeding in the case, shall be thus delivered to the clerk of the proper court, without delay.*

By failing to seal the documents in an envelope and forward them to the clerk of the court, the magistrates violates Texas Penal Code 37.10(a)(3) which reads in pertinent part as follows:

*Sec. 37.10. TAMPERING WITH GOVERNMENTAL RECORD. (a) A person commits an offense if he:*

*(3*

*) intentionally destroys, conceals, removes, or otherwise impairs the verity, legibility, or availability of a governmental record;*

### 1.1.3    Prosecutorial Participation

The prosecuting attorney will receive notice of the alleged crime by some method that is not clear under law. At this point, the prosecuting attorney will interact with the accused through some informal methods while asserting the authority of the State in apparent violation of Texas Penal Code 37.11 which reads as follows:

> *Sec. 37.11. IMPERSONATING PUBLIC SERVANT. (a) A person commits an offense if the person:*
>
>> *(1) impersonates a public servant with intent to induce another to submit to the person's pretended official authority or to rely on the person's pretended official acts; or*
>>
>> *(2) knowingly purports to exercise, without legal authority, any function of a public servant or of a public office, including that of a judge and court.*
>
> *(b) An offense under this section is a felony of the third degree.*

#### *1.1.3.1    Indictment Secret*

While, in the instant case, there was a true bill handed down by the grand jury, the magistrate could not know about that as it could not take effect until the person was arrested. Texas Code of Criminal Procedure 20A.304 directs the as follows:

> *Art. 20A.304. PRESENTMENT OF INDICTMENT ENTERED IN RECORD. (a) If the defendant is in custody or under bond at the time the indictment is presented, the fact of the presentment shall be entered in the court's record, noting briefly the style of the criminal action, the file number of the indictment, and the defendant's name.*
>
> *(b) If the defendant is not in custody or under bond at the time the indictment is presented, the indictment may not be made public and the entry in the court's record relating to the indictment must be delayed until the capias is served and the defendant is placed in custody or under bond.*

By the above, the clerk is directed to keep the fact of the indictment secret and issue a capias warrant for the arrest of the accused and, once the accused had been arrested, then the indictment could be made public. It will be shown at trail that the clerk does not issue capias warrants as directed, but rather, the above process is bypassed and the indictment is presented to a magistrate. While this, at the end of the day, may be a distinction without a difference, it demonstrates how public officials in Victoria County totally ignore the code as written where it does not suit their nefarious purpose.

Opposition to Hetch Motion to Dismiss                                    13 of 24

### *1.1.3.2     Phantom Prosecutor*

The instant case gets more complicated as there was no capias warrant issued by the clerk.   Plaintiff Diruzzo was arrested on a warrant issued by Magistrate Robert Whitker. Therefore, while the prosecutor may have known about the case by way of having presented Plaintiff Diruzzo to the grand jury and received a true bill vote from the grand jury, that was secret at the time of issuance, even from the prosecutor as, after the grand jury votes they do not notify the prosecutor of the outcome.   Instead, the grand jury is directed by Texas Code of Criminal Procedure 20A.303 as follows:

> *Art. 20A.303.  PRESENTMENT OF INDICTMENT.   When an indictment is ready to be presented, the grand jury shall, through the foreperson, deliver the indictment to the judge or court clerk. At least nine grand jurors must be present to deliver the indictment.*

Texas law is silent on how a prosecutor's get noticed of the prosecution, thus triggering the prosecutor's jurisdiction.  Defendants have taken advantage of this apparent legislative oversight and have circumvented procedural due process in order to involve the prosecutor prior to a case actually being before the court.  This gives the prosecutor absolute discretion to use any method s/he chooses to coerce the accused into forfeiting his/her seized property.

### 1.1.4     Magisterial Mischief

In order to support the above criminal enterprise, public officials, including police and magistrates systematically refuse to act in accordance with well-established law when presented with criminal complaints against public officials by a private citizens.

### *1.1.4.1     Case in Point*

On or about the ___ day of _____, 2022 Plaintiff Kelton presented four verified criminal affidavits, complete in accordance with Texas Code of Criminal Procedure 15.05 which reads as follows:

> *Art. 15.05. REQUISITES OF COMPLAINT.  The complaint shall be sufficient, without regard to form, if it have these substantial requisites:*

Opposition to Hetch Motion to Dismiss                                        14 of 24

*1. It must state the name of the accused, if known, and if not known, must give some reasonably definite description of him.*

*2. It must show that the accused has committed some offense against the laws of the State, either directly or that the affiant has good reason to believe, and does believe, that the accused has committed such offense.*

*3. It must state the time and place of the commission of the offense, as definitely as can be done by the affiant.*

*4. It must be signed by the affiant by writing his name or affixing his mark.*

Magistrate Whitaker refused to perform his duty as prescribed by Texas Code of Criminal Procedure 2.10 which reads as follows:

> *Texas Code of Criminal Procedure 2.10: It is the duty of every magistrate to preserve the peace within his jurisdiction by the use of all lawful means; to issue all process intended to aid in preventing and suppressing crime; to cause the arrest of offenders by the use of lawful means in order that they may be brought to punishment.*

for the sole stated reason that Plaintiff Kelton was not an attorney.

By failing to perform a duty the magistrate was commanded to perform, the magistrate denied Plaintiff Kelton access to the court and the procedural due process of law, and thereby, the equal protection of the law in an act of Official Oppression in violation of Texas Penal Code 39.03(a)(2) which reads as follows:

> *Texas Penal Code 39.03(a)(2): (a) A public servant acting under color of his office or employment commits an offense if he:*
>
> > *(2) intentionally denies or impedes another in the exercise or enjoyment of any right, privilege, power, or immunity, knowing his conduct is unlawful;*

### 1.1.4.2    *Police Participation*

When Magistrate Whitaker threw Plaintiff Kelton's complaint down on the counter and stormed out stating, "Since you are not an attorney, I am not going to take these complaints." Plaintiff Kelton called 911 and requested an officer to take a criminal complaint of official oppression against Magistrate Whitaker. The City of Victoria police department responded with Officer (to be provided after discovery). The officer, after some spirited discussion and after speaking with Magistrate Whitaker, apparently,

Opposition to Hetch Motion to Dismiss                                    15 of 24

Magistrate Whitaker, to his credit, directed the young officer to take the complaint. However, to Plaintiff's knowledge, the officer did not give notice to "some Magistrate" as commanded by Texas Code of Criminal Procedure 2.13(b)(3) which reads as follows:

*Texas Code of Criminal Procedure 2.13(b)(3) (b) The officer shall:*

> *(3) give notice to some magistrate of all offenses committed within the officer's jurisdiction, where the officer has good reason to believe there has been a violation of the penal law;*

### 1.1.4.3 Court Complicity

Subsequent to the above, Plaintiff Kelton filed a civil suit against Magistrate Whitaker in the Victoria County Court. The elected county judge immediately recused himself to which Plaintiff Kelton objected in writing, as the judge did not have cause for recusal other than the wanted to appoint a retired judge who was not subject to elections, who would then rule against Plaintiff out of hand at every turn without regard to the right of things or the rule of law, which Defendant Johnson did.

### 1.1.4.4 Court Insecurity

When Judge Johnson refused to perform a duty he was compelled by statute to do, Plaintiff Kelton asked the court security officer, Defendant Green, to arrest Judge Johnson for committing Official Oppression in violation of Texas Penal Code 39.03 supra. Deputy Green refused to perform his duty as prescribed by Texas Code of Criminal Procedure 14.06 supra.

### 1.1.4.5 Acts In Concert and Collusion

Plaintiff Kelton then crafted complaints against Judge Johnson and Deputy Green and went to the court of District Judge Eli Garcia and presented the complaints to the bailiff who then handed them to the judge. The judge then looked out at Plaintiff Kelton and asked what these were to which Plaintiff Kelton replied:

> *"They are verified criminal complaints complete in accordance with Texas Code of Criminal Procedure 15.05."*

The judge then asked Plaintff Kelton what he wanted the judge to do with them to which Plaintiff Kelton replied:

> *"I want you to do exactly what Texas Code of Criminal Procedure commands you to do with them."*

Judge Garcia then said: "Denied" and handed them back to the bailiff. When the bailiff handed the complaints to Plaintiff Kelton, Plaintiff Kelton demanded that the bailiff arrest the judge, which he refused to do.

The case in point is, everyone protects everyone to the detriment of those not part of their cartel.

### 1.1.5    Duties of Officers

Police officers, upon having it made known to them that a crime had been committed, had a duty to give notice of said crime to some magistrate under <u>Texas Code of Criminal Procedure 2.13(b)(3) supra</u> to give notice to some magistrate of crime but it is the consistent policy of policer officers in Victoria County to bury any complaint against a public official or refuse to take the complaint in the first place.

### 1.1.6    Magisterial Misconduct

Magistrates, for their part, will refuse to accept a complaint from a private citizen telling them they must give the complaint to a peace officer who will then bury it.

The above works so well that, according to the Texas Office of Court Administration, the average conviction rate for all crimes, across the board, in Victoria County is 99.6%.

### 1.1.7    Uniform Policy

The asset-forfeiture policy is applied uniformly and systematically. Victoria County Clerk records confirm its effectiveness: every person subjected to the scheme who forfeits seized property is either never formally charged or has all charges dropped almost

100% of the time. This pattern has persisted for years and constitutes the standard operating procedure of the City of Victoria.

Police Department, the Victoria County Sheriff's Department, Victoria County magistrates, the County, and the District Attorney's Office.

### 1.1.8    Meeting of Minds

The individual Defendants' involvement in this scheme exceeded the bounds of their lawful authority and constituted actions taken outside the scope of their employment. By systematically violating the Texas Code of Criminal Procedure, ignoring mandatory statutory duties, and fabricating legal justifications to deny citizens their rights, these individuals engaged in personal and corrupt conduct for which they are individually liable. Their actions were not a legitimate exercise of governmental function but a perversion of it, intended to facilitate an illegal revenue-generating enterprise.

### CONCLUSION

In furtherance of the on-going criminal enterprise, Defendants have systematically denied citizens access to the courts when they attempt to report crimes committed by public officials. This is accomplished by Justices of the Peace and other magistrates who abdicate their statutory duties and refuse to accept criminal complaints from citizens.

### FUNDAMENTAL RIGHTS

Every citizen possesses a fundamental right to give notice of a crime and seek redress. Magistrates are established by law for the specific purpose of serving as an independent check on executive power and receiving notice of crimes from the citizenry. Under the Texas Code of Criminal Procedure, it is the duty of every magistrate to preserve the peace, which includes the ministerial duty of receiving legally sufficient criminal complaints from any person, not just licensed peace officers.

Defendants, including the magistrate Defendants, have systematically obstructed this right by falsely claiming that they can only accept criminal complaints presented by

licensed peace officers. This claim is categorically false and has no basis in Texas law. The individual magistrate Defendants knew or should have known this claim was false and used it as a pretext to shield other public officials from accountability.

This refusal to perform a clear ministerial duty is a deliberate and calculated act to insulate the unconstitutional asset-forfeiture scheme and its participants from criminal investigation, thereby preventing citizens from interrupting the on-going criminal enterprise. This conduct by the

# VI. CAUSES OF ACTION

### COUNT I – FOURTH AMENDMENT UNREASONABLE SEIZURE (AGAINST ALL INDIVIDUAL DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES AND VICTORIA COUNTY, ON BEHALF OF PLAINTIFFS AND THE CLASS)

Plaintiffs reallege the foregoing paragraphs. The seizure of property and the jail-first coercive policy were unreasonable and lacked probable cause or statutory authority. The individual Defendants are liable in their personal capacities for their direct participation in these seizures, which were actions taken outside the scope of their lawful authority. The County is liable under Monell because these seizures were conducted pursuant to Victoria County's official asset-forfeiture policy and custom.

### COUNT II – FOURTEENTH AMENDMENT PROCEDURAL DUE PROCESS VIOLATIONS (AGAINST ALL INDIVIDUAL DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES AND VICTORIA COUNTY, ON BEHALF OF PLAINTIFFS AND THE CLASS)

Plaintiffs reallege the foregoing paragraphs. By personally and deliberately bypassing the procedural safeguards of Chapters 16 and 17 of the Texas Code of Criminal Procedure, conducting sham jailhouse magistration hearings, and conditioning freedom on forfeiture, the individual Defendants deprived Plaintiffs and the Class of liberty and property

without due process. These were not good-faith errors but intentional acts of corruption exceeding their lawful authority, for which they are individually liable. The County is liable under Monell as these due process violations were the direct result of its official policies and customs.

## COUNT III – DENIAL OF ACCESS TO THE COURTS (FIRST AND FOURTEENTH AMENDMENTS) (AGAINST WHITAKER, JOHNSON, GARCIA, GREEN, JOHN DOE 11 IN THEIR INDIVIDUAL CAPACITIES, AND VICTORIA COUNTY, ON BEHALF OF PLAINTIFF KELTON AND SIMILARLY SITUATED CLASS MEMBERS)

Plaintiffs reallege the foregoing paragraphs. The individual Defendants' personal and bad-faith refusal to perform the ministerial duty of accepting criminal complaints from citizens against public officials, in direct violation of their duties under the Texas Code of Criminal Procedure, was an act outside the scope of their lawful employment. This conduct was intended to shield the asset-forfeiture scheme from exposure, denying meaningful court access and preventing citizens.

from interrupting the on-going criminal enterprise, in violation of the First and Fourteenth Amendments. The County is separately liable under Monell for maintaining a widespread custom and practice of refusing to accept such complaints, which has the force of law and is ratified by its final policymakers.

## COUNT IV – MUNICIPAL LIABILITY – MONELL CLAIM (AGAINST VICTORIA COUNTY, ON BEHALF OF PLAINTIFFS AND THE CLASS)

Plaintiffs reallege the foregoing paragraphs. The constitutional violations described herein were directly caused by Victoria County's official policies, customs, and practices, including the asset-forfeiture scheme and the systematic denial of court access for complaints against public officials. The policies are so persistent and widespread that they have the force of law, are ratified by final policymakers (including the District

Attorney and judiciary), and are evidenced by the 100% correlation in Clerk records between property forfeiture and the dismissal of criminal charges.

## COUNT V – DECLARATORY JUDGMENT (28 U.S.C. § 2201, ON BEHALF OF PLAINTIFFS AND THE CLASS)

Plaintiffs reallege the foregoing paragraphs. An actual controversy exists regarding the constitutionality of the County's scheme and whether the federal felon-in-possession prosecution predicated on DiRuzzo's void state conviction violated due process.

## COUNT VI – SEDITIOUS CONSPIRACY AND VIOLATION OF THE REPUBLICAN FORM OF GOVERNMENT GUARANTEE (ARTICLE IV, SECTION 4; 18 U.S.C. § 2384 –

Against All Individual Defendants in their Individual Capacities and Victoria County, on behalf of Plaintiffs and the Class)

Plaintiffs reallege the foregoing paragraphs. By executing the scheme described herein—bypassing mandatory Texas Code of Criminal Procedure safeguards, fabricating non-existent "magistration" procedures, systematically destroying and withholding court records, coercing citizens to forfeit property in exchange for freedom, and denying citizens meaningful access to courts when seeking redress against public officials—the individual Defendants engaged in a conspiracy not merely to enrich themselves and Victoria County, but to effect a fundamental transformation of the structure and character of Texas state and local government.

A republican form of government, as guaranteed by Article IV, Section 4 of the United States Constitution, is predicated upon the rule of law, separation of powers, due process, ministerial access to courts, and the subordination of executive power to legal constraints. By systematically abrogating these constitutional principles through a coordinated scheme among law enforcement, magistrates, and prosecutors, Defendants have

effectively converted the Victoria County justice system from a limited republican government into an arbitrary police state apparatus designed for revenue extraction.

Under 18 U.S.C. § 2384, it is a crime for two or more persons to conspire to overthrow, put down, or destroy by force the Government of the United States, or to prevent, hinder, or delay the execution of any law thereof. While this Count is brought civilly under 42 U.S.C. § 1983, Plaintiffs allege that Defendants' conspiracy and scheme constituted a seditious interference with the execution of federal constitutional law—specifically the Fourth, Fourteenth, and First Amendments—by force of their official positions and systematic extralegal operations.

The Defendants' conduct constitutes a seditious conspiracy in effect if not in the specific mens rea of treason, because their purpose was

(1) to subvert the duly established procedural requirements of the Texas Code of Criminal Procedure which are necessary preconditions for lawful governmental authority over criminal matters;

(2) to replace lawful judicial process with sham magistration proceedings that lack statutory basis;

(3) to condition liberty upon the transfer of private property to the government, thereby exercising sovereign power outside and contrary to the law; and

(4) to deny citizens the ministerial function of courts in receiving criminal complaints against public officials, thereby placing public officials above the law and unavailable for judicial accountability.

The natural and necessary consequence of this conspiracy is the effective destruction of the republican form of government in Victoria County, Texas. Where judges, magistrates, prosecutors, and law enforcement conspire to operate a secretive system that extracts private property through coerced forfeitures, bypasses mandatory procedures, destroys official records, and denies court access to complainants, the government ceases to

function as a republic under the rule of law and becomes a police state governed by executive discretion rather than constitutional constraints.

Defendants' conspiracy has prevented, hindered, and delayed the execution of federal law—the Constitution itself—through systematic violations of due process, unreasonable seizures, and denial of access to courts. The asset-forfeiture scheme is the mechanism by which Victoria County has been transformed from a republican government into a police state, rendering the Guarantee Clause guarantee illusory for Plaintiffs and the Class.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the proposed Class, respectfully pray that the Court:

- A. Certify the proposed Class under Fed. R. Civ. P. 23(b)(2) and, alternatively or additionally, 23(b)(3); appoint Plaintiffs as class representatives; and appoint class counsel;

- B. Enter judgment for Plaintiffs and the Class on all counts;

- C. Award compensatory damages to Plaintiffs DiRuzzo and Kelton (and to Class members as appropriate) in an amount to be proven at trial, including the fair market value of seized property, lost business income, and other harms;

- D. Award punitive damages against each individual defendant in his or her individual capacity in an amount sufficient to punish the egregious, reckless, and callous conduct alleged herein and to deter similar unconstitutional asset-forfeiture schemes in the future;

- E. Issue permanent injunctive relief ordering Victoria County to cease the asset-forfeiture scheme, including the jail-first policy, coercive forfeiture practices, and

Opposition to Hetch Motion to Dismiss                                          23 of 24

the refusal to accept criminal complaints from citizens, on a class-wide basis and to follow the clear mandate of Texas law in all things;

- F. Enter the requested declaratory judgment on behalf of Plaintiffs and the Class;

- G. Award Plaintiffs and the Class their reasonable attorney's fees and costs under 42 U.S.C. § 1988 and other applicable law; and

- H. Grant such other and further relief as the Court deems just and proper.

# PARTIES WITHOUT ATTORNEY

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Respectfully submitted,

*Randall Kelton*
*PO Box 1*
*113 S. Allen St.*
*Boyd, TX 76023*
*Randall@ruleoflawradio.com*

*Joseph Andrew Diruzzo*
*3210 Brown Trail*
*Bedford, TX 76021*

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Randall Kelton, Juseph Diruzzo

**DEFENDANTS**
ROBERTO ARREDONDO, ROBERT WHITAKER, JAMES POE; JUDGE BOBBY BELL, JUDGE JACK MARR, JUDGE [FIRST NAME UNKNOWN] JOHNSON

**(b)** County of Residence of First Listed Plaintiff　Tarrant Co Texa
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant　Tarrant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question *(U.S. Government Not a Party)*
☐ 2 U.S. Government Defendant
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*　Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
CLASS ACTION COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS (42 U.S.C. § 1983 — FOURTH AND FOURT
Brief description of cause:
Victoria County operating an ongoing asset forfeiture scheme

**VII. REQUESTED IN COMPLAINT:**
☒ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**
*(See instructions):*
JUDGE _____　DOCKET NUMBER _____

DATE _____　SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____　AMOUNT _____　APPLYING IFP _____　JUDGE _____　MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)    Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)    County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)    Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.    Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.    Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.    Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.    Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.    Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.    Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.