United States District Court
Southern District of Texas
**ENTERED**
June 02, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| JOSEPH ANDREW DIRUZZO, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 6:26-CV-00030 |
| | § | |
| ROBERTO ARREDONDO, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Currently pending is Plaintiffs' "Motion to Reconsider Sua Sponte Conversion and Transfer" (D.E. 8). In the motion, Plaintiffs argue that this case was improperly transferred to this Court from the Northern District of Texas and improperly construed as a habeas corpus petition. First, as to the transfer, Plaintiffs' complaint states that: "Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in Victoria County, Texas." (D.E. 1 at 4). Victoria County is in the Victoria Division of the Southern District of Texas and the transfer to this Court was proper. Second, as to the purported improper conversion of Plaintiffs' complaint into a habeas petition, the undersigned notes that the Clerk's Office issued a "Notice of Case Filing" after the transfer that inadvertently stated that the "case has been filed as a Petition for Writ of Habeas Corpus." (D.E. 6 at 1). This was incorrect. This case was not filed by Plaintiffs as a habeas petition, was not designated by the Clerk's Office as a habeas petition on the docket, has not been construed by the Court as a habeas petition, and was never otherwise

converted into a habeas petition.  The undersigned acknowledges the error in the Notice,

but concludes that because the case has never been construed as a habeas petition, no relief

is necessary.

Accordingly, Plaintiffs' motion (D.E. 8) is **DENIED**.


ORDERED on June 2, 2026.

_____
Julie K. Hampton
United States Magistrate Judge